UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Avdi Nikovic,<br><br>        Plaintiff,<br>  -v-<br><br>83-84 116th Owners Corp., and<br>A. Michael Tyler Realty Corp.,<br><br><br>        Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Avdi Nikovic ("Plaintiff," or "Nikovic"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of Defendants 83-84 116th Owners Corp. and A. Michael Tyler Realty Corp., (collectively "Defendants") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually, and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover all of his unpaid wages including unpaid non-overtime,

overtime and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, and compensation for not receiving notices and statements required by NYLL § 195, and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff also complains that he was terminated and discharged in discrimination and retaliation by Defendant because, in good faith, he complained of and opposed Defendants' deductions/payments from his wages which violated NYLL §§ 198-b, 193. Such retaliatory termination violates the NYLL §§ 215, 198-b, and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Avdi Nikovic ("Plaintiff" or "Nikovic") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

9. Upon information and belief, and at all times relevant herein, Defendant 83-84 116th Owners Corp. ("8384 Owners") was a New York for-profit corporation.

10. Upon information and belief, and at all times relevant herein, Defendant A. Michael Tyler Realty Corp. ("AMT") was a New York for-profit corporation.

11. Upon information and belief and at all times relevant herein, and for the entire period of Plaintiff's employment with Defendants, Defendant AMT owned and/or operated several buildings including the building in which Plaintiff worked and also lived as part of his employment, located at 83-84 116th Street, Richmond Hill, NY 11418.

12. At all times relevant herein, Defendant 8384 Owners was the name of the building located at 83-84 116th Street, Richmond Hill, NY 11418, in which Plaintiff worked and lived as part of his employment.

13. At all times relevant herein, Defendants AMT and 8384 Owners individually and/or jointly controlled the employment of Plaintiff and were responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to plaintiff's employment, among other employment functions.

14. At all times relevant herein, Plaintiff was employed individually and/or jointly, by Defendants.

## **STATEMENT OF FACTS**

15. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of real estate and building management and ownership. See https://amtrealtyny.com/

16. Upon information and belief and at all times relevant herein, Defendants owned and/or operated dozens of buildings and employed about more than 30 employees.

17. At all times relevant herein, defendants, individually, and/or jointly employed Plaintiff as a handyman and Plaintiff performed manual work including maintenance and repairs in Defendants' multi-story building.

18. Plaintiff was employed individually, and/or jointly, by Defendants from on or about April 1, 2019 to on or about September 27, 2019.

3

19. At all times relevant herein, Plaintiff was paid at an effective rate of $34.62[1] an hour and Plaintiff was not paid any wages for each and all hours worked in excess of 20 hours in each week during his employment with Defendants.

20. At all times relevant herein, Defendants provided Plaintiff with an apartment as part of his compensation – the apartment was valued at $1700 a month.

21. Upon information and belief, and at all times relevant herein, Plaintiff worked approximately 48-55 hours each week and likely more, 7 days a week and Plaintiff was not paid any wages for all hours worked in excess of 20 in a week, during his employment with Defendants.

22. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

23. At all times relevant herein, Plaintiff was a full-time employee of Defendants and worked over 40 hours per week, for each week during his employment with Defendants.

24. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

25. At all times relevant herein, Plaintiff was not paid for each and all hours worked in each week during his employment with Defendants as described above, in violation of Article 6 of the NYLL – Plaintiff was not paid wages for at least 28-35 hours per week, during his employment with Defendants.

26. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required

---

[1] Plaintiff was paid $15.00 an hour for 20 hours by check ($300) per week and he was also provided an apartment valued at $1700 a month as part of his compensation – resulting in an effective hourly rate of about $34.62/hr.

by NYLL 195(1).

27. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain the hours worked by Plaintiff, Plaintiff's rates of pay including Plaintiff regular and overtime rates of pay, nor all wages earned among other deficiencies.

28. Upon information and belief and at all times relevant herein, Defendants, individually, and/or jointly had annual revenues and/or expenditures in excess of $500,000.

29. At all times applicable herein, Defendants conducted business with vendors/entities/persons within the State of New York.

30. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

31. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce.

32. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

33. At all times applicable herein and upon information and belief, Defendants and the tenants in its buildings conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

34. Defendants as a regular part of their business, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

35. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in

which such overtime was worked.

36. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

37. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state overtime rights and failed to inform plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

38. Prior to being employed by Defendants, Plaintiff was recruited away from his job at the time to work for Defendants by Mr. Oscar Mathew – the president of the board of Defendant 83-84 116th Owners Corp.

39. A few days after Plaintiff's employment with Defendants began, Mr. Mathew told Plaintiff that he has another candidate for the job who is willing to pay Mr. Mathew $3,000 to get Plaintiff's job and that if Plaintiff wanted to keep his job he would have to pay Mr. Mathew $3,000 – Plaintiff was never told about this $3,000 requirement/payment before his employment with Defendants began.

40. Believing the $3,000 demand to be a requirement of Defendants and not wanting to lose his job, Plaintiff went to Mr. Mathew's apartment around late April 2019 and gave him $500 of the $3,000 amount.

41. On at least two other occasions, Plaintiff was required by Mr. Mathew to return about $425 in wages he has earned doing work for Defendants – Plaintiff did so by giving this money to Mr. Mathew.

42. In late August 2019, property manager Hector Aizenberg told Plaintiff that Mr. Mathew was unhappy with him. In response, Plaintiff explained that Mr. Mathew was unhappy with him and complained to Mr. Aizenberg that Mr. Mathew had required him to pay $3,000 to keep his job and that he had only paid over to Mr. Mathew $500 of this amount. In early September, Plaintiff made another complaint to the board of Defendant 83-84 116th Owners Corp. about the $3,000 and other monies from his wages that he was required to pay over to

Mr. Mathew in order to keep his job. In response to Plaintiff's complaints and refusal to pay over his wages as required by Mr. Mathew, Defendants terminated Plaintiff's employment shortly thereafter on or about September 27, 2019.

43. Plaintiff was terminated/discharged by Defendants in retaliation/discrimination for opposing and complaining in good faith about Defendants violations of NYLL 193 and 198-b concerning the monies he was required to return to Defendants and Mr. Mathew from his wages – unlawful deductions and kickbacks.

44. "Plaintiff" as used in this complaint refers to the named Plaintiff.

45. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

46. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 45 above as if set forth fully and at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the FLSA, 29 USC 201 et Seq.

48. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and/or 207(a).

49. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

50. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at a rate of at least 1.5 times his regular rate of pay for each hour worked in

excess of forty hours in a week, in violation of 29 U.S.C. § 207.

### Relief Demanded

51. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2, 141-1.4 etc. (Unpaid Overtime)

52. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 50 above as if set forth fully and at length herein.

53. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142, 12 NYCRR § 141-1.4.

54. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

55. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2, 12 NYCRR § 141-1.4.

### Relief Demanded

56. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION

**(NYLL § 190, 191, 193, 195 and 198)**

57. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 56 above with the same force and effect as if fully set forth at length herein.

58. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

59. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid non-overtime wages, overtime wages, and wage deductions, as required under NY Labor Law § 190 et seq.

60. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

61. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

**Relief Demanded**

62. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid non-overtime wages, overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to

N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION
## RETALIATION/DISCRIMINATION - NYLL §§ 215, 198-b

63. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 62 above as if set forth fully and at length herein.

64. At all times relevant herein, Plaintiff was employed by Defendants, individually, and/or jointly within the meaning of the New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

65. At all times relevant herein, Defendant was a covered person or entity within the meaning of New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

66. Defendant discharged/terminated Plaintiff's employment with it in retaliation and discrimination and in violation of the NYLL §§ 215, 198-b for engaging in protected activity and because of Defendants' wage kickback policy and practice as further set forth above.

67. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

## Relief Demanded

68. Defendant's New York Labor Law violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court grant the following relief:

69. Declare Defendants (including their overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12

NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

70. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

71. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 12 NYCRR § 141-1.4, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

72. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid non-overtime wages, overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

73. As to the **Fourth Cause of Action**, award Plaintiff all damages available under NYLL §§ 215, 198-b, including his lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including §§ 215, 198-b;

74. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

75. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
October 31, 2019

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____

By: Abdul K. Hassan, Esq. (AH6510) - *Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 Fax: 718-740-2000
Email: abdul@abdulhassan.com