# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                            Tel: 718-740-1000
Email: abdul@abdulhassan.com                   Fax: 718-740-2000
*Employment and Labor Lawyer*                  Web: www.abdulhassan.com

**February 5, 2021**

**Via ECF**

Hon. Steven L. Tiscione, USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

<u>**Re: Nikovic v. 83-84 116th Owners Corp. et al**</u>
        **Case No. 19-CV-06134 (FB)(ST)**
        **Motion for Settlement Approval**

Dear Magistrate-Judge Tiscione:

      My firm represents plaintiff Avdi Nikovic ("Plaintiff" or "Nikovic") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per this Court's January 12, 2021 order. Defendants and Plaintiff all join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully executed copy will be provided to the Court once Defendants formally sign, and Exhibit 2 is the time records detailing some of the hours expended by Plaintiff's counsel on this case – Plaintiff's counsel is a solo practitioner, and he was the only attorney that worked on this case for Plaintiff.

      Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid non-overtime and overtime wages and lost wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

      Assuming, for settlement purposes, that Defendants overcome any contrary presumptions, and the weekly wages were intended to compensate Plaintiff for all hours worked, Plaintiff's effective hourly rate would be about $13.44/hr. and he would be owed about $2,070 in unpaid overtime wages and $1,928.16 in unpaid minimum wages. Plaintiff was employed by Defendants from on or about April 1, 2019 to on or about September 27, 2019. The complaint in this action was filed on October 31, 2019. (See ECF No. 1).

1

Defendants may also be able to avoid the imposition of liquidated damages if they prove a good-faith affirmative defense. Defendants dispute the work hours alleged by Plaintiff. In general Defendants deny Plaintiff's allegations that he is owed wages and maintain that he was hired for a part-time position.

In terms of the wrongful termination claims, Plaintiff would have incurred lost wages of about $692.40/wk. for the 50 weeks or so since his termination – or about $34,620. Defendants strongly dispute the circumstances surrounding the end of Plaintiff's employment and the allegations of wrongful termination asserted by Plaintiff.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, exchange of information and input at the mediation conducted by an experienced FLSA mediator from this Court's panel – Mr. Raymond Nardo, who made a settlement recommendation that was accepted by the parties in the form of the gross settlement reflected in this case.

Assuming Plaintiff prevails on his wage notice and wage statement claims he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

The settlement agreement contains mutual releases covering all employment claims. The broader release is appropriate because the complaint also contains termination claims, and the settlement amount was higher because of the broader release bargained for – Plaintiff is also receiving a release under the settlement agreement. See i.e. *Hixholli v. Aqua 3065 GC LLC et al*, Case Number 19-CV-05654, ECF No. 35, page 2 ¶ 1, (Judge Netburn - SDNY, November 25, 2019)(approval of FLSA settlement agreement with mutual releases); *Contreras v. GM6 Residential Services, LLC et al*, Case No. 18-CV-12148, ECF No. 23-24, (May 23, 2019)(approval of FLSA settlement agreement with mutual releases); *Hidalgo v. Villiford Realty Corporation*, Case No. 18-CV-10017, ECF No. 23, (April 22, 2019)(approval of FLSA settlement agreement with mutual releases).

The total settlement amount is $30,000. (See Ex. 1 ¶ 4). Under the settlement, Plaintiff is due to receive $19,446 (See Ex. 1 ¶ 4(a-b)) after costs and a 1/3 contingency fee. (See Ex. 1 ¶ 4(c)).

Plaintiff's counsel is due to receive reimbursement of Eight Hundred Thirty-Two Dollars ($832) in filing ($400), mediation ($300) and service costs for two defendants ($132), plus a 1/3 contingency fee of Nine Thousand, Seven Hundred Twenty-Two Dollars ($9,722) (Ex. 1 ¶ 4(c))[1]. Here, the hourly fees based on the attached time records (Ex. 2), are $19,638 at the

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

2

retainer rate of $600/hr. for 32.73hrs or $16,365 at a reduced rate of $500/hr. See *Saravia v. Royal Guard Fence Co., Inc. et al*, 19-CV-02086 (Judge Locke EDNY – December 14, 2020)(awarding Mr. Hassan a 500/hr. rate in the context of a fee-shifting fee application and stating "I would note that there was no opposition to the $500 per hour fee and I think that fee is quite appropriate even if there was opposition. So let me just put that on the record."); *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit.").

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Mekulovic v. Maxwell-Kates, Inc. et al*, Case No. 19-CV-02436 (Magistrate-Judge Tiscione, May 8, 2020)(approving a 1/3 fee of $13,009 under *Cheeks*); *Rivera v. Regal Recycling Co. Inc.,* Case No. 20-CV-02355 (Judge Levy, December 21, 2020)(approving a 1/3 fee of $10,676 under Cheeks)*; Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Drammeh v. TGS Washes, LLC et al*, Case No. 18-CV-05879 (Magistrate-Judge Levy - EDNY May 29, 2019)(1/3 fee of $8,714 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Elahi v. Metropolitan Garment Cleaning Inc. et al*, Case No. 18-CV-02372 (Judge Reyes – R&R November 13, 2018)(approving a 1/3 fee of $13,047 under *Cheeks*); *Romard v. Gateway Arms Management Corp.*, Case No. 18-CV-03185 (Magistrate-Judge Reyes - September 6, 2018)(approving a 1/3 fee of $11,666 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (Magistrate-Judge Peck - SDNY)(approving 1/3 fees of $23,080 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v.*

---

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

*Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*).

      In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants dispute liability and if a jury believes Defendants, Plaintiff may receive nothing or a lot less. Second, the amount Plaintiff is due to receive under the settlement is not insignificant in relation to the FLSA wages claimed and represents a fair compromise in light of the legal and factual issues. Third, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation. Fourth, the final settlement number was the product of a mediator's recommendation after weighing the strengths and weaknesses of each parties' claims and defenses.

      Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:** **Defense Counsels via ECF**