# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiff Avdi Nikovic ("Plaintiff") on the one hand, and 83-84 116th Owners Corp. ("83-84") and A. Michael Tyler Realty Corp. ("AMTR" together with 83-84 as the "Defendants") (Plaintiff and Defendants together as the "Parties"), on the other hand.

**WHEREAS**, Plaintiff commenced an action against Defendants in the United States District Court for the Eastern District of New York (the "Court"), bearing docket no. 19-cv-6134 (FB) (ST) (the "Action") by filing a Complaint on October 31, 2019, alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL");

**WHEREAS**, Defendants each deny the allegations made by Plaintiff, and filed an answer on December 27, 2019, setting forth same;

**WHEREAS**, the Parties participated in a virtual mediation with mediator Raymond Nardo on October 30, 2020, following which a settlement in principle was reached that constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiff's FLSA claims and Defendants' defenses and of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff by Defendants of the gross sum of Thirty Thousand Dollars and Zero Cents ($30,000.00) (the "Settlement Amount") and the general release set forth in Paragraph 2 of this Agreement, each of which constitute good and valuable consideration, Plaintiff, acting on his own free will and volition, and acting on behalf of

DocuSign Envelope ID: EF95A624-75ED-4404-A57B-C93416319485

themselves, their heirs, administrators, executors, agents, representatives, successors, and assigns, hereby irrevocably and unconditionally releases and forever discharges Defendants, as well as each of Defendants' respective current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and reinsurers, insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiff to be an "employer" both individually and in their official capacities, Oscar Mathew and Jay Cohen, and their respective heirs, executors, administrators, agents, successors, Boards, and assigns, anyone employed by Oscar Mathew and Jay Cohen, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, Boards, and other related companies (all of said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, liabilities, obligations, promises, agreements, rights, costs, losses, expenses, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiff, and Plaintiff's heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement. This release includes, but is not limited to, all claims set forth in the Complaint, as well as all claims for unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages, statutory penalties (including, but not limited to, all damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions), and all claims of discrimination, wrongful discharge, harassment, retaliation, negligence, fraud,

conversion, unjust enrichment, breach of contract, and all tort, contractual, or statutory claims, and any other claims arising under any federal, state, local, or common law, including but not limited to, the Fair Labor Standards Act, New York Labor Law, Title VII of the Civil Rights Act of 1964, New York State Executive Law, the Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Equal Pay Act, Trafficking Victims Protection Reauthorization Act, New York Penal Law, New York Social Services Law, Americans with Disabilities Act, Family and Medical Leave Act. New York Paid Family Leave, New York City Human Rights Law, Consolidated Omnibus Budget Reconciliation Act, 42 U.S.C. Section 1981 and 1983, Genetic Information Nondiscrimination Act, Immigration Reform and Control Act, Occupational Safety and Health Act, Labor Management Relations Act of 1947, and National Labor Relations Act. This General Release shall include, without limitation, any and all claims relating to, or in any manner connected with any of Plaintiff's alleged employment with any of the Releasees and separation therefrom, as well as any and all claims relating to, or in any manner connection with any business relationship entered into between the Plaintiff and any of the Releasees. Plaintiff further covenants and agrees that neither him nor his heirs, executors, agents, representatives, administrators, successors, or assigns shall be entitled to any personal recovery in any proceeding of any nature whatsoever against any of the Releasees, jointly and severally, arising out of any of the matters released above. It is expressly understood and agreed that Plaintiff hereby releases the Releasees jointly and severally from any and all liability relating to, *inter alia*, all claims that were or could have been asserted in this Action.

2. Defendants, in consideration of Plaintiff's General Release in Paragraph 1 herein, acting on their own free will and volition and on behalf of themselves individually and collectively, and on behalf of their respective successors or assigns, hereby irrevocably and unconditionally

DocuSign Envelope ID: EF95A624-75ED-4404-A57B-C93416319485

release and discharge Plaintiff, his heirs, executors, administrators, successors, or assigns from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, causes of action, rights, costs, losses, debts, expenses, attorneys' fees, and demands of any nature whatsoever, known or unknown, suspected or unsuspected against Plaintiff, which Defendants and/or Defendants' successors or assigns ever had, now have or hereafter can, shall, or may have (either directly, indirectly, derivatively, or in any other representative capacity) by reason or arising out of any matter, cause, or thing whatever arising from the beginning of time to the time they execute this Agreement. Defendants further covenant and agree that neither they nor their respective successors or assigns shall be entitled to any personal recovery in any proceeding of any nature whatsoever against Plaintiff arising out of any of the matters released above.

3. The Parties agree to execute a "Stipulation of Dismissal with Prejudice," in the form annexed hereto as **Exhibit A,** which will be filed with the Court along with the Agreement and the Joint Motion for Approval of the Settlement and Release Agreement within seven (7) days after the following conditions are met: (a) Defendants' counsel receives a duly executed Agreement signed by Plaintiff; (b) Defendants' counsel receives a completed IRS Form W-4 for Plaintiff; (c) Defendants' counsel receives a completed IRS Form W-9 for Plaintiff; (d) Defendants' Counsel receives a completed IRS Form W-9 for Plaintiff's counsel; and (d) Defendants' Counsel receives a "Stipulation of Dismissal with Prejudice" signed by counsel for Plaintiff which shall be held in escrow until all settlement payments are received and cleared.

4. Within thirty (30) days after the date at which the Court issues an Order approving the settlement and dismissing the Action with prejudice, Defendants shall pay the Settlement Amount as follows:

DocuSign Envelope ID: EF95A624-75ED-4404-A57B-C93416319485

(a) One (1) check in the gross amount of Nine Thousand, Seven Hundred Twenty-Two Dollars and Zero Cents ($9,722), less all applicable tax withholdings, made payable to "AVDI NIKOVIC" in consideration for the Settlement Amount of Plaintiff's claim for economic damages, for which an IRS Tax Form W-2 may be issued;

(b) One (1) check in the amount of Nine Thousand, Seven Hundred Twenty-Four Dollars and Zero Cents ($9,724), made payable to "AVDI NIKOVIC" representing liquidated and other non-economic damages, for which an IRS Tax Form 1099-MISC (Box 3) may be issued; and

(c) One (1) check in the amount of Ten Thousand, Five Hundred Fifty-Four Dollars and Zero Cents ($10,554), made payable to "ABDUL HASSAN LAW GROUP, PLLC" representing a 1/3 contingency fee payment for Plaintiff's attorneys' fees ($9,722) and costs ($832), for which an IRS Tax Form 1099-MISC (Box 10), may be issued.

All payments set forth above shall be delivered to Plaintiff's Counsel, Abdul K. Hassan, Esq., Abdul Hassan Law Group, PLLC, 215-28 Hillside Avenue, Queens Village, New York 11427.

5. Plaintiff agrees to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority, as a result of the payment of the Settlement Amount.

6. Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor law, or of any other law, regulation, or ordinance regulating

DocuSign Envelope ID: EF95A624-75ED-4404-A57B-C93416319485

the payment of wages (together "Wage and Hour Violations") concerning his employment with any of the Releasees, filed with any federal, state and local agencies/administrative body or any judicial forum against any of the Releasees.  Plaintiff further agrees that he will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as he acknowledges no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Nothing herein shall prevent Plaintiff from filing a charge of discrimination with, or cooperating with an investigation by the U.S. Equal Employment Opportunity Commission.

7. The Parties each acknowledge that they have received sufficient consideration as set forth in this Agreement.  The Parties each expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8. Plaintiff acknowledges that aside from the payments set forth in Paragraph 4 of this Agreement, he is owed no further remuneration or accrued benefit time by Releasees whatsoever

DocuSign Envelope ID: EF95A624-75ED-4404-A57B-C93416319485

including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

9. The parties agree that they will not knowingly and/or intentionally defame each other.

10. In the event of a breach by any party of the Agreement, the parties will be entitled to all remedies available at law.

11. Plaintiff affirms that he is not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicare has paid Conditional Payments for the treatment of injuries arising out of or related to any matter released by this Agreement) as of the date of this Agreement and no conditional payment has been made to or on his behalf by Medicare or Medicaid.

12. Plaintiff further represents that he is not enrolled in a Medicare or Medicaid program and was not enrolled at the time of his employment with Releasees or anytime thereafter through the date of this Agreement.  Plaintiff further represents and warrants that no Medicaid or Medicare payments have been made to or on behalf of him and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from his employment with any of the Releasees.  Plaintiff further agrees that he, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.  In the event any action is commenced whereby any Releasee is pursued for payment in connection with the position of Plaintiff as a Medicare or Medicaid beneficiary, Plaintiff agrees to indemnify Releasees and hold Releasees harmless in full.

13. The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment

DocuSign Envelope ID: EF95A624-75ED-4404-A57B-C93416319485

actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiff's claims have merit.

14. This Agreement shall not be interpreted in favor of or against any party on account of such party's counsel having drafted this Agreement.

15. Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims. In addition, the Parties acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and the Parties acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by the Parties against any other Party.

16. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

17. This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein.

18. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

19. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

20. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

21. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. Signature pages may be executed by "wet" (i.e., using pen and paper) or electronic signature (e.g., via DocuSign). In addition, any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for Defendants, Jennifer E. Sherven, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, JSherven@kdvlaw.com; and counsel for Plaintiff, Abdul K. Hassan, Esq., Abdul Hassan Law Group, PLLC, 215-28 Hillside Avenue, Queens Village, New York 11427, (718) 740-1000, abdul@abudulhassan.com.

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

_____  2/5/2021
Avdi Nikovic

_____
83-84 116th Owners Corp.
By:
Title:

_____
A. Michael Tyler Realty Corp.
By:
Title:

DocuSign Envelope ID: EF95A624-75ED-4404-A57B-C93416319485

**EXHIBIT A**

DocuSign Envelope ID: EF95A624-75ED-4404-A57B-C93416319485

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AVDI NIKOVIC,

                      Plaintiff,

   -against-

83-84 116TH OWNERS CORP., AND A.
MICHAEL TYLER REALTY CORP.,

                     Defendants.
------------------------------------------------------------X

Case No.: 19-cv-6134 (FB)(ST)

**STIPULATION OF DISMISSAL**

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

      Plaintiff Avdi Nikovic is precluded from bringing any further claims against the Defendants under the Fair Labor Standards Act and the New York Labor Law, and any federal, state or local law, for unpaid wages, including minimum wages and overtime pay, discrimination, and retaliation for the period set forth in Plaintiff's Complaint.

DocuSign Envelope ID: EF95A624-75ED-4404-A57B-C93416319485

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

| | |
|---|---|
| Dated: _____, 2021 | Dated: _____, 2021 |
| ABDUL HASSAN LAW GROUP PLLC<br>*Attorneys for Plaintiff* | KAUFMAN DOLOWICH & VOLUCK, LLP<br>*Attorneys for Defendants* |
| By: _____<br>   Abdul K. Hassan, Esq.<br>   215-28 Hillside Avenue<br>   Queens Village, New York 11427<br>   (718) 740-1000<br>   abdul@abdulhassan.com | By:_____<br>   Jennifer E. Sherven, Esq.<br>   Taylor M. Ferris, Esq.<br>   135 Crossways Park Drive, Suite 201<br>   Woodbury, New York 11797<br>   (516) 681-1100<br>   jsherven@kdvlaw.com<br>   tferris@kdvlaw.com |

**SO ORDERED:**

_____
Hon. Frederic Block, U.S.D.J.

4831-1187-4523, v. 1